Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed and Memorandum Opinion filed May 1, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00491-CR

____________

 

GARY DON CLEMENTS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No.  39,615

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Gary Don Clements appeals his conviction for intoxication manslaughter,
enhanced with a prior felony conviction. 
A jury found him guilty, and following his plea of true to the
enhancement paragraph, assessed punishment at forty-two years=
confinement.  He presents two points of
error challenging the legal and factual sufficiency of the evidence and raising
ineffective assistance of counsel. We affirm.

 

 








Factual
Background

On
July 20, 2000, at approximately 10:30 or 11:00 p.m., Julie Wood and her
twenty-five year-old friend, Cassandra Davidson, were driving around Lake
Jackson and spotted Davidson=s boyfriend=s car parked at a local pool hall.  The two women entered the pool hall and saw
the boyfriend, appellant Gary Don Clements, playing pool and drinking
beer.  Wood noticed that appellant could
not focus his eyes on anything, was staggering, swaying, and had slurred
speech.  She was of the opinion he was
intoxicated.  Another patron noticed
appellant=s intoxicated condition, and considered complaining to the
management.  Appellant became
belligerent, called Wood an obscenity, spit on her, and threatened to Akick
her ass.@  Appellant left the pool hall shortly after
11:45 p.m., with Davidson as a passenger in the vehicle he was driving.  

Appellant
was seen a few minutes later at a near-by convenience store, trying to enter
the store but repeatedly missing the door handle.  He appeared very intoxicated.  Unable to get through the door, appellant
went back to his car and told Davidson to go in and get him some beer, yelling
obscenities and throwing money at her when she came back for an additional
dollar.  She returned with the beer and
got back in the passenger=s seat as appellant drove off. 
Moments later, their vehicle struck a tree a mile down the road.  The passenger side of the vehicle was
crushed.  Davidson, still seat-belted in
the passenger seat, was pronounced dead upon arrival at the hospital.  Appellant, alive but unconscious, was life-flighted to Hermann Hospital.  A blood sample taken shortly after his
arrival at the hospital showed an alcohol concentration of 0.24. 

In
two points of error, appellant complains the evidence is legally and factually
insufficient and that his trial counsel was ineffective.

Analysis








In
his first point of error, appellant contends the evidence is legally and
factually insufficient to establish that he had an alcohol concentration of at
least 0.08 as alleged in the indictment. 
Appellant points to inconsistencies in the handling and labeling of the
blood sample allegedly taken from him at the hospital, and the failure of
hospital personnel to affirmatively identify him in court as the person from
whom the sample was taken.  Certain
medical records reflected the sample as being from a AGreg
Coulter,@ while other records reflected that the sample was labeled AYankee
464,@
and did not identify anyone by name. 
Appellant acknowledges that trial counsel failed to object to these
records and test results, which failure forms the basis of his claim for
ineffective assistance of counsel.  He
maintains, however, that the evidence admitted at trial is insufficient to show
he had an alcohol concentration of at least 0.08.

A
person commits the offense of driving while intoxicated if, while operating a
motor vehicle in a public place, he: (1) does not have the normal use of mental
or physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, or any combination of those substances into the body; or (2)
has an alcohol concentration of 0.08 or more. 
Tex. Penal Code
 '' 49.01(2), 49.04(a).  In a legal sufficiency review, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the elements
of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318B19
(1979); Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim.
App. 2000).  In a factual sufficiency
review, we look at all the evidence to determine whether it is so weak as to
make the verdict clearly wrong and manifestly unjust or whether the adverse
finding is against the great weight and preponderance of the available
evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).








We
note the indictment separately alleged both means of intoxication:  intoxication by loss of the normal use of
mental and physical faculties, and by reason of an alcohol concentration of at
least 0.08.  Both means of intoxication
were submitted to the jury, with the jury finding intoxication manslaughter
under a general verdict of guilt.  In
Texas, when an indictment alleges alternate theories of committing the same
offense, such as two means of intoxication, it is proper for the jury to be
charged in the disjunctive as to each and to return a general verdict of
guilt.  Rosales v.
State, 4 S.W.3d 228, 231 (Tex. 
Crim. App. 1999).  The finding of guilt will be upheld if the
evidence supports either manner of commission of the offense charged.  Id. 
Thus, appellant=s complaints of insufficiency regarding the specific alcohol
concentration are immaterial if the evidence is legally and factually
sufficient to support intoxication by loss of the normal use of his mental and
physical faculties.  See
Sims v. State, 735 S.W.2d 913, 915 (Tex. App. DallasC1987,
pet. ref=d).


There
was substantial evidence before the jury that appellant did not have the normal
use of his mental or physical faculties. 
Wood testified to appellant=s unfocused eyes, slurred speech, and staggering and swaying
demeanor while he was drinking beer at the pool hall before driving away with
Davidson.  She stated she had seen
appellant when he was sober, and that on this occasion he had lost the normal
use of his physical faculties.  Another
patron at the pool hall testified that he saw appellant that evening before he
left, and that appellant had been glassy eyed, swaying, and highly agitated.  The patron was of the opinion that appellant
was very intoxicated.  A third witness
testified to seeing appellant awhile later at the convenience store as
appellant tried to open the door. 
Appellant kept trying to grab the door handle but repeatedly missed, as
his vision was off.  His speech was
slurred, and the witness stated, AYou
could tell he wasn=t feeling no pain.@  Unable to manage
opening the door, appellant returned to his car and told Davidson to go in and
get him some beer, becoming angry and vulgar when she needed more money.  Instead of finding the dollar she requested,
he pulled money out of his pockets and threw it at her.  Accident reconstruction showed that appellant=s
vehicle had oversteered to avoid hitting a concrete
retainer wall and slid sideways into the tree. 
We find the evidence factually and legally sufficient to establish
appellant=s intoxication by reason of loss of normal use of his mental or
physical faculties and to support his conviction for intoxication
manslaughter.  Appellant=s
first point of error is overruled.








In
his second point of error, appellant raises ineffective assistance of counsel
because his trial attorney failed to challenge the State=s
evidence regarding his alleged blood alcohol concentration.  While he admits certain deficiencies could be
described as trial strategy and that the record is insufficient to support
other deficiencies, appellant does affirmatively point to trial counsel=s
failure to object to certain medical records and testimony regarding those
records as establishing ineffectiveness of counsel.  A review of appellant=s
list of alleged deficiencies reveals they all arise from or are otherwise
connected to the blood alcohol test and its alcohol concentration results.   Although not raised as an issue on appeal
and not listed in his enumeration of Adeficient performance,@ appellant also argues counsel was ineffective by his failure
to conduct a meaningful voir dire of a venireperson who knew one of the State=s
witnesses and was related to Wood, and of two other venirepersons
who had been hit by intoxicated drivers. 
Appellant complains in general terms of counsel=s
poor performance during voir dire and
cross-examination of the State=s witnesses. 








To
establish ineffectiveness of counsel, a defendant must establish that counsel=s
representation fell below an objective standard of reasonableness, and that
there is a reasonable probability that but for counsel=s
deficiencies, the result of the proceedings would have been different.  Strickland v. Washington,
466 U.S. 668, 688 (1984).  Even
assuming, without finding, that trial counsel=s representation here met the first prong of the Strickland
test, appellant fails to establish the second prong, that but for trial counsel=s
errors, outcome of the trial would have been different.  Appellant argues that in two notes it sent to
the court  during
guilt/innocence deliberations, the jury requested information relating solely
to the blood test, thus showing the jurors=s concerns for evidence which should have been excluded.  However, we note it is equally plausible that
this shows the jury experienced difficulty with the blood test evidence and
instead may have focused on appellant=s loss of normal use of his mental and physical faculties in
finding intoxication.  As to complaints
regarding counsel=s voir dire and cross-examination,
appellant makes no argument beyond simply pointing out the action or inaction
by his lawyer.  Appellant fails to show
that but for such conduct the outcome of the trial would have been different,
and acknowledges that in substantial part, such conduct may have constituted
trial strategy.   In determining claims
of ineffective counsel, we will not indulge in speculation.  See Jackson v. State, 877
S.W.2d 768, 771 (Tex. 1994). 
Appellant fails to establish that but for counsel=s
alleged unprofessional errors, there is a reasonable probability the result of
the proceedings would have been different. 
Appellant=s second point of error is overruled.           

Conclusion

We find the evidence legally and factually
sufficient to support appellant=s
conviction for intoxication manslaughter, and that appellant has failed to
establish ineffectiveness of trial counsel. 
The judgment is affirmed.

 

 

 

 

/s/        Eva
M. Guzman

Justice

 

 

Judgment rendered and Memorandum Opinion
filed May 1, 2003.

Panel consists of Justices Anderson,
Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.2(b).